IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

SEP 19 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| GUILLARMO ACOSTA-HILDAGO<br>a/k/a JUANITO;<br>JOSE VILLAGRANA,<br>a/k/a CHIVAS,<br>a/k/a EL CINCO; &<br>JOSE LUIS SILVA-HERNANDEZ,<br>a/k/a MACHO | NO. 1:12-CR-314 |

## COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least as of June 11, 2011, and continuing until at least on or about December 10, 2011, in the Northern District of Georgia and elsewhere, the defendants, GUILLARMO ACOSTA-HILDAGO, a/k/a JUANITO; JOSE VILLAGRANA, a/k/a CHIVAS, a/k/a EL CINCO; and JOSE LUIS SILVA-HERNANDEZ, a/k/a MACHO; knowingly conspired and agreed with each other and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code Section 841(a)(1); that is, to possess with the intent to distribute and to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance; said conspiracy involving at least five

hundred (500) grams of a mixture and substance containing a detectible amount of methamphetamine, and at least one thousand (1,000) kilograms of a mixture and substance containing a detectible amount of marijuana; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii) and (viii), and 846 and Title 18, United States Code, Section 2.

## COUNT TWO

On or about August 8 to August 11, 2011, in the Northern District of Georgia and elsewhere, the defendants, GUILLARMO ACOSTA-HILDAGO, a/k/a JUANITO; and JOSE VILLAGRANA, a/k/a CHIVAS, a/k/a EL CINCO, aided and abetted by one another, knowingly possessed with the intent to distribute a controlled substance, namely, at least one thousand kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about September 3 to 4, 2011, in the Northern District of Georgia, the defendants, GUILLARMO ACOSTA-HILDAGO, a/k/a JUANITO; JOSE VILLAGRANA, a/k/a CHIVAS, a/k/a EL CINCO; and JOSE LUIS SILVA-HERNANDEZ, a/k/a MACHO, knowingly possessed with the intent to

distribute a controlled substance, namely, at least one hundred (100) kilograms of a mixture and substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841 (a) (1) and (b) (1)(A)(vii).

## COUNT FOUR

On or about December 10, 2011, in the Northern District of Georgia, the defendants, GUILLARMO ACOSTA-HILDAGO, a/k/a JUANITO; and JOSE VILLAGRANA, a/k/a CHIVAS, a/k/a EL CINCO, knowingly possessed with the intent to distribute a controlled substance, namely, at least one hundred (100) kilograms of a mixture and substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841 (a) (1) and (b) (1)(A)(vii).

## FORFEITURE PROVISION

1.  As a result of committing one or more of the offenses alleged in this Indictment, the defendants, GUILLARMO ACOSTA-HILDAGO, a/k/a JUANITO; JOSE VILLAGRANA, a/k/a CHIVAS, a/k/a EL CINCO; and JOSE LUIS SILVA-HERNANDEZ, a/k/a MACHO; shall forfeit to the United States pursuant to 21 U.S.C. § 853 any and all property, real and personal, constituting or derived from any proceeds the said defendants obtained directly and indirectly as a result of the

said violation and any and all property used and intended to be used in any manner or part to commit or facilitate the commission of said violation.

2. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property.

A _____True_____ BILL

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JENNY R. TURNER
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6084
Georgia Bar No. 719439